JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 12-10300 PA (MRWx) | Date | December 10, 2012 |
|---|---|---|---|
| Title | Dorian Carter v. Tracy Sheen, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed on December 3, 2012, by Nathalee Evans ("Removing Defendant"). Plaintiff Dorian Carter ("Plaintiff") filed her Complaint in Los Angeles County Superior Court on March 24, 2011. Plaintiff's action arises out of a dispute concerning the administration of Plaintiff's mother's estate and asserts claims against Removing Defendant and Tracy Sheen who have both claimed to be a trustee of Plaintiff's mother's estate. Removing Defendant asserts that this Court has subject matter jurisdiction on the basis of 28 U.S.C. § 1443, which provides that district courts shall have original jurisdiction of any civil action authorized by law to redress civil rights violations.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001).

Removing Defendant's Notice of Removal asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1443, which provides that a defendant may remove an action to federal court if the defendant "is denied or cannot enforce" his or her civil rights in state court:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 12-10300 PA (MRWx) | Date | December 10, 2012 |
|---|---|---|---|
| Title | Dorian Carter v. Tracy Sheen, et al. | | |

United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. Section 1443 was enacted "to remove from state courts groundless charges not supported by sufficient evidence when these charges are based on race and deny one his federally protected equal rights as guaranteed by Title II of the 1964 Civil Rights Act." Walker v. Georgia, 417 F.2d 5, 9 (5th Cir. 1969). A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in Georgia v. Rachel, 384 U.S. 780, 788–92, 794–804, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966) and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824–28, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966):

> "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." Id.

Patel v. Del Taco, Inc., 446 F.3d 996, 998–99 (9th Cir. 2006).

Removing Defendant does not allege any facts that would support removal under § 1443(1) and therefore Removing Defendant does not satisfy the Supreme Court's test in Georgia v. Rachel. Specifically, the Notice of Removal does not properly allege any facts that even suggest that the state court is unable or unwilling to enforce such a claim. Nothing in Removing Defendant's allegations concerning the asserted deficiencies in California's probate procedures "command[s] the state courts to ignore" Removing Defendant's federal rights. See Patel, 446 F.3d at 998–99. Therefore, the Notice of Removal's allegations are insufficient to establish the Court's jurisdiction under § 1443(1).

The Notice of Removal's allegations also do not satisfy the requirements for removal under § 1443(2). According to the Supreme Court, subsection 2 of § 1443 "is available only to federal officers and to persons assisting such officers in the performance of their official duties." City of Greenwood v. Peacock, 384 U.S. 808, 815, 86 S. Ct. 1800, 1805, 16 L. Ed. 2d 944 (1966). Because Removing

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| Case No. | CV 12-10300 PA (MRWx) | Date | December 10, 2012 |
|---|---|---|---|
| Title | Dorian Carter v. Tracy Sheen, et al. | | |

Defendant is not a federal officer or a person assisting a federal officer in the performance of their official duties, removal under § 1443(2) is not available to her.

      For the foregoing reasons, Removing Defendant has failed to meet her burden of showing that federal subject matter jurisdiction exists over this action and that removal pursuant to § 1443 was proper.  Accordingly, because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles County Superior Court, Case No. BC458090.  See 28 U.S.C. § 1447(c).[1]

      IT IS SO ORDERED.

---

[1]     Because the Court has concluded that Removing Defendant has failed to meet her burden to establish the Court's subject matter jurisdiction, the Court declines to address her failure to timely or adequately comply with the procedural requirements for removal.  See 28 U.S.C. § 1446.